Damon Charles Williams
Postal Box 7775 #14437
San Francisco, Ca. [94120]
Counterclaimant@gmail.com

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

DAMON CHARLES WILLIAMS,

        Counterclaimant,

        v.

PRK FUNDING SERVICES, INC.;
KING COUNTY; JEFFREY PYATT;
MICHAEL JAMES WARREN; ERIC S. CARLSON;
JONATHAN DREITZLER; KATHRYN HINDS;
RONALD CAMPBELL; MELVIN BRITT JR; DANIEL
JENSEN; MICHAEL LAWRENCE THAYER; RICCI
FRISK; DONALD R. CAPP; KIRILL GAVRYLYUK;
CHANDRIKA \SHANKARNARAYAN;
JOANNE C. VAN SICKLE; RICHARD BESELIN
PRIVATE ASSET MANAGEMENT INC.;
DALLAS WILLIAM JOLLEY JR; THOMAS
MACKENZIE BROWN; CITY OF SEATTLE;
STATE OF WASHINGTON DEPARTMENT
OF REVENUE; PYATT BROADMARK
MANAGEMENT, LLC; PLG FUND I, LLC
WINDERMERE SERVICES COMPANY;
WELLS FARGO; PRIVATE LENDING GROUP, LLC;
NORTHWEST TRUSTEE SERVICES, INC;
FIDELITY NATIONAL TITLE COMPANY OF
WASHINGTON SERVICES, INC;
and Does 1-100, individually, jointly and severally.

        Counterdefendant,

NO. 2:18-cv-00048 RSM

**COMPLAINT**

ACTION FOR TRESPASS, AND TRESPASS THE
CASE

**VERIFIED**

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 1

1. This First Amended Action amends by entire substitution the action filed January 11, 2018, in the above entitled court of record.

## I.    PARTIES

2. Counterclaimant, Damon Charles Williams is a People of San Francisco County in the Republic State of California and was at all times mentioned, a People of the United States and in this court of record complains of each of the following:

3. That at all times herein mentioned, Counterdefendant, PRK FUNDING SERVICES, INC., a Washington corporation (hereinafter "PRK"), maintained a headquarters of the State of Washington and is sued in such fictitious name.

4. That at all times herein mentioned, Counterdefendant, THOMAS MACKENZIE BROWN (hereinafter "MACKENZIE"), was a King County Prosecutors Office, Deputy Prosecuting Attorney and is sued in his individual capacity.

5. That at all times herein mentioned, Counterdefendant, RICHARD BESELIN (hereinafter "BESELIN"), is sued in his individual capacity and in his capacity.

6. That at all times herein mentioned, Counterdefendant, DANIEL JENSEN (hereinafter "JENSEN"), was a State of Washington Department of Revenue, Administrative Review and Hearings Division, Program Manager and is sued in his individual capacity.

7. That at all times herein mentioned, Counterdefendant, DEPARTMENT OF REVENUE ("DOR") is a division of the State of Washington which at all times was operated, managed, maintained, supervised and controlled by the State of Washington Treasury Division, which is a governmental organization of the State of Washington and is sued in such fictitious name.

8. That at all times herein mentioned, Counterdefendant, RICCI FRISK (hereinafter "FRISK"), was a State of Washington Office of Administrative Hearings, Supervisor and is sued in his individual capacity.

9. That at all times herein mentioned, Counterdefendant, DONALD R. CAPP (hereinafter "CAPP"), was a State of Washington Office of Administrative Hearings, Administrative Law Judge and is sued in his individual capacity.

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 2

10. That at all times herein mentioned, Counterdefendant, CAMPBELL J. RONALD (hereinafter "CAMPBELL"), was a Seattle Police Department Officer and is sued in his individual capacity.

11. That at all times herein mentioned, Counterdefendant CITY OF SEATTLE ("CITY") is a municipal corporation, organized and existing under and by virtue of the laws of the State of Washington and is sued in such fictitious name.

12. That at all times herein mentioned, Counterdefendant, KING COUNTY ("COUNTY") is a municipal corporation, organized and existing under and by virtue of the laws of the State of Washington and is sued in such fictitious name.

13. That at all times herein mentioned, Counterdefendant, MELVIN BRITT JR (hereinafter "BRITT"), was a Seattle Police Department Officer or retired and is sued in his individual capacity.

14. That at all times herein mentioned, Counterdefendant, DALLAS WILLIAM JOLLEY JR *(WSBA No. 22957; admitted November 3, 1993), of Seattle* (hereinafter "JOLLEY"), a member of the Washington State Bar Association and is sued in his individual capacity.

15. That at all times herein mentioned, Counterdefendant, MICHAEL JAMES WARREN (*WSBA No. 14177; admitted June 11, 1984) of Seattle,* (hereinafter "WARREN"), was a member of the Washington State Bar Association and is sued in his individual capacity and as an agent for Private Lending Group LLC, PRK Funding Services, Inc., a Washington corporation and PLG Fund I, LLC, a Washington Limited Liability Company.

16. That at all times herein mentioned, Counterdefendant, KIRILL GAVRYLYUK (hereinafter "GAVRYLYUK"), was a member resident of the State of Washington and is sued in his individual capacity.

17. That at all times herein mentioned, Counterdefendant, CHANDRIKA SHANKARNARAYAN (hereinafter "SHANKARNARAYAN"), was a member resident of the State of Washington and is sued in her individual capacity.

18. That at all times herein mentioned, Counterdefendant, JEFFREY PYATT (hereinafter "PYATT"), is sued in his individual capacity and in his capacity as an agent for Private Lending Group LLC, PRK Funding Services, Inc., a Washington corporation, PLG Fund I, LLC, a Washington Limited

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 3

Liability Company and PYATT BROADMARK MANAGEMENT, LLC a Washington Limited Liability Company.

19. That at all times herein mentioned, Counterdefendant, KATHRYN HINDS (hereinafter "HINDS"), is sued in her individual capacity and in his capacity as an agent for WINDERMERE SERVICES COMPANY, a Washington corporation.

20. That at all times herein mentioned, Counterdefendant, WINDERMERE SERVICES COMPANY a Washington corporation (hereinafter "WINDERMERE"), maintained a headquarters in the State of Washington and is sued in such fictitious name.

21. That at all times herein mentioned, Counterdefendant, JONATHAN DREITZLER (hereinafter "DREITZLER"), is sued in his individual capacity and in his capacity as an agent for Private Lending Group LLC, PRK Funding Services, Inc., a Washington corporation, PLG Fund I, LLC, a Washington Limited Liability Company and PYATT BROADMARK MANAGEMENT, LLC a Washington Limited Liability Company.

22. That at all times herein mentioned, Counterdefendant, JOANNE C. VAN SICKLE (hereinafter "VAN SICKLE"), is sued in her individual capacity and in his capacity as an agent for Private Lending Group LLC, PRK Funding Services, Inc., a Washington corporation, PLG Fund I, LLC, a Washington Limited Liability Company and PYATT BROADMARK MANAGEMENT, LLC a Washington Limited Liability Company.

23. That at all times herein mentioned, Counterdefendant, MICHAEL LAWRENCE THAYER (hereinafter "THAYER"), is sued in his individual capacity and in his capacity as an agent for Private Lending Group LLC, PRK Funding Services, Inc., a Washington corporation, PLG Fund I, LLC, a Washington Limited Liability Company, Private Asset Management Inc. a Washington corporation and Pyatt Broadmark Management, LLC a Washington Limited Liability Company.

24. That at all times herein mentioned, Counterdefendant, ERIC S. CARLSON *(WSBA No. 22360; admitted December, 2, 1992), of Bellevue* (hereinafter "CARLSON"), is sued in his individual capacity and in his capacity as an agent for Private Lending Group LLC, PRK Funding Services, Inc., a Washington corporation, PLG Fund I, LLC, a Washington Limited Liability Company and PYATT BROADMARK MANAGEMENT, LLC a Washington Limited Liability Company.

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 4

25. That at all times herein mentioned, Counterdefendant, PLG FUND I, LLC, a Washington Limited Liability Company (hereinafter "PLG FUND I"), maintained a headquarters of the State of Washington and is sued in such fictitious name.

26. That at all times herein mentioned, Counterdefendant, PRIVATE LENDING GROUP LLC, a Washington Limited Liability Company (hereinafter "PLG"), maintained a headquarters of the State of Washington and is sued in such fictitious name.

27. That at all times herein mentioned, Counterdefendant, PYATT BROADMARK MANAGEMENT, LLC, a Washington Limited Liability Company (hereinafter "PLG #2."), maintained a headquarters of the State of Washington and is sued in such fictitious name.

28. That at all times herein mentioned, Counterdefendant, NORTHWEST TRUSTEE SERVICES, INC (hereinafter "NTS"), maintained a headquarters of the State of Washington and is sued in such fictitious name.

29. That at all times herein mentioned, Counterdefendant, PRIVATE ASSET MANAGEMENT, INC, a Washington Corporation (hereinafter "PAMI"), maintained a headquarters of the State of Washington and is sued in such fictitious name.

30. That at all times herein mentioned, Counterdefendant, FIDELITY NATIONAL TITLE COMPANY OF WASHINGTON SERVICES, INC (hereinafter "FIDELITY"), maintained a headquarters of the State of Washington and is sued in such fictitious name.

31. That at all times herein mentioned, Counterdefendant, WELLS FARGO, Inc. (hereinafter "WF"), maintained a headquarters in the State of Washington and is sued in such fictitious name, (each Counterdefendant list supra are hereinafter "Trespasser", and all collectively "Trespassers"), who are each summoned to this court of record to answer to Counterclaimant's plea of trespass and trespass on the case, to wit:

## II.    SPECIFICS

32. Each Trespasser exceeded his jurisdiction either directly, through an agent, or in concert with another who did cause Counterclaimant to be unlawfully and forcibly removed from possession of private property against his will, without jurisdiction or good cause. At the onset of the unlawful removal, and subsequent Trespasser PLG's (acting as a servicer for the alleged lending) breach of

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 5

the contractual agreement between the parties, Counterclaimant was duly engaged in good faith exercising his substantive right to contract with others at arm's length. Said Trespassers PLG, without good cause, interfered with Counterclaimant's right to contract and attempted to deprive Counterclaimant of his private property rights. Trespasser PLG in concert with Trespasser PRK took further ill-considered actions to further deprive Counterclaimant of his right to due process working in concert to violate a federal bankruptcy stay under color of law.

33. Trespasser et al. acted under a simulation of a legal process, with deliberate indifference, defiance and intentional culpable neglect, willfully and wantonly, and by a systematic unlawful pattern of abuse, legal malpractice, breach of trust, and breach of fiduciary duty which led to denial of a fair trial, private property rights, due process and Equal Protection under the law that can be evidenced from the record.

34. This was done intentionally, systematically and unlawfully to deprive Counterclaimant of his private rights, private property rights and the right to redress grievances and to present evidence in his defense of Trespassers actions to unlawfully seize Counterclaimant's rights in private property. The scheme to deprive Counterclaimant from his private property rights first becomes apparent to Counterclaimant when Trespasser PLG failed to approve draw request made by Counterclaimant including but not limited to the draw request for the sum required to service the interest payment on the alleged loan, which was held in escrow and was in surplus. Servicing of the loan was routinely made from the surplus of the loan in escrow prior to the unexpected failure to approve and fund the interest payment amount due. Counterclaimant's main objective was to produce a luxurious home. Subsequent to acquiring the property in November of 2004 and entering into the contractual agreement for the loan to finish the luxurious remodel in January 2007 Counterclaimant was tasked with overcoming various construction project obstacles and mitigating any unexpected cost overruns. Counterclaimant did just that. Trespasser PLG assumed a fiduciary roll to Counterclaimant beyond the roll of a servicer during the duration of the relationship. However, once it was apparent that Counterclaimant would likely complete the project despite the setbacks, Trespasser PLG employed various methods, which could possibly increase the expected net profit made by the Trespasser PLG and Trespasser PRK at

Counterclaimant's expense. Trespasser PLG demanded to communicate directly with contractors and subcontractors of which Counterclaimant relied on to complete the remodel. Once Trespasser PLG was in liaison with contractors and subcontractors Trespasser PLG made the claim that Counterclaimant failed to service the loan. Trespasser PLG was authorized contractually and by Counterclaimant to service the loan out of the interest reserve account , which is consistent with the course of dealings between the parties. However, Trespasser PLG failed to do so. Trespasser PLG acting as the servicer and in control of escrow, they simply decided to no longer pay Trespasser PRK (alleged custodian or the note holder(s)) the interest payments due. Trespasser PLG and, Trespasser PRK went further with the fraudulently inducement by alleging that the default cure had grown to a similar amount as the amount deemed as fair market value of the remodel by Trespasser HINDS [$1,912,539]. This had the effect of assuring that either way, foreclosure or cure, Counterclaimant's equity position in excess of $500,000 would be forfeited to the Trespassers.

35. The elite Trespassers conspired to commit fraud and as a result of that fraud, Trespassers PRK subsequently made claim that Counterclaimant was in default for failing to make the servicing interest payments. Trespassers PRK used this allegation of default to violate any statue, code, law or individual who interfered with their scheme to fraud and swindle. Trespasser PLG, et al., an association in fact affecting interstate commerce, manufactured evidence of indebtedness and used the false evidence of indebtedness to extort property from Counterclaimant. Agents acting for and in concert with Trespasser PLG, et al. knew and understood that claims against Counterclaimant which deprived Counterclaimant of property worth in excess of $1,500,000.00 were based on manufactured evidence of indebtedness. The taking of Counterclaimant's bundle of private property rights is based on false evidence of indebtedness was accomplished by two or more predicate actors working for or in concert with Trespasser PLG, the practice of Trespasser PLG, manufacturing evidence of indebtedness to take property away from persons who have no legitimate obligation to Trespasser PLG, et al., will likely continue unless abated.

36. Trespassers have not produced any documentary evidence of Judicial foreclosure or non-judicial foreclosure proceedings that have been perfected against Counterclaimant's private property

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 7

rights.  Trespassers have not produced any documentary evidence that, leave of court was granted to violate/avoid or lift the federal bankruptcy stay or granted to assume the role of the bankruptcy trustee.    According to the record Trespassers PLG and Trespasser PRK have relied on fraud, perjury, threats, violence, and domestic terrorism to acquire possession of Counterclaimant's property.  Counterclaimant contends that all Trespassers have intentionally avoided inquiry for lack of clean hands.  A security interest in Counterclaimant's private property has been claimed, however, the proof of claim is not accompanied by evidence that Trespasser PRK et, al. has authority to bring the claim, has standing or that the security interest has been perfected as required.  Facially defective documentary evidence, which do not constitute prima facie validity of the claim have been used by Trespassers to forward the fraud and unjustly enrich themselves. Counterclaimant objects the nefarious claims made in Trespass of Counterclaimants private rights.

## COUNTERCLAIMANT'S PRELIMINARY STATEMENT

37.  Counterclaimant, in this action, testifies to injury to property and business by reason of acts.

38.  Counterclaimant has articulated violations of racketeering laws, testified that the violations injured property warranting treble damages.

39.  Counterclaimant has established that an enterprise exists which undeniably affects interstate commerce

40.  Counterclaimant has standing as Counterclaimant has shown violations, injury to property, and causation of the injury by the violations.

41.  Counterclaimant has perfected a claim by showing the existence of an enterprise, showing a pattern of racketeering activity: fraud, shown nexus between the Trespassers and the pattern of frauds, and shown resulting injury to property.

42.  Counterclaimant has demonstrated that Counterclaimant has sustained injuries as proximate result of the pattern of frauds by the Trespassers.

43.  Trespassers PLG, Trespasser PLG#2, and Trespassers PRK does illicit business benefiting the syndicate to which, Trespassers PLG, Trespasser PLG#2, and Trespassers PRK, et al. belong, directly and indirectly.

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 8

44. The syndicate is able to recoup and profit Trespassers PLG, Trespasser PLG#2, and Trespassers PRK investment affecting interstate commerce.

45. Counterclaimant clearly articulated being the target of fraud and resulting de jure property loses.

46. The cause-in-fact that but-for the chicanery of the enterprise members including Trespassers PLG, Trespasser PLG#2, and Trespassers PRK, et al., Counterclaimant would have not been deprived of business interests, business opportunities and would not have incurred tangible losses is sufficient to state factual causation providing for treble damages.

47. Counterclaimant's reliance on traditional principles of proximate causation that Counterclaimant was the target of extortion and his property interests damaged the predicate acts of the Trespassers.

48. There exists an undeniable relationship between the acts of the Trespassers and the damage to property of Counterclaimant.

49. The damage caused by the Trespassers was the natural and reasonably foreseeable consequence of the frauds perpetrated by the Trespassers.

50. The frauds perpetrated by the Trespassers was the legal cause of Counterclaimant being the target of fraud, being defrauded of property interests, and related damages.

51. The enterprise to which all the Trespassers belong is evident to a high degree and it is also evident to a high degree that associates such as John Does and Jane Does 1-100, act as a continuing unit.

52. It is undeniable that Trespassers PLG, Trespasser PLG#2, and Trespassers PRK et al received money for defrauding parties such as Counterclaimant and Trespasser PLG, Trespasser PLG#2, and Trespasser PRK receipts and compensation to collateral enterprises represents the necessary investment in the class of business to which all the Trespassers belong for the continuing privilege of defrauding people of their legitimate private property rights.

### INEXECUSABLE DELAY

53. On July 15, 2008, Trespasser DREITZER admits to being unable to fund draw request. See exhibit "A."

54. On September 16, 2008, Counterclaimant reminds Trespasser PYATT of the fact that Private Lending Group LLC, was responsible for delaying the funding of the project including the

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 9

servicing of the interests payments because of the inablilty to fund the draw request. See exhibit "A"

55. On September 22, 2008, Trespasser PYATT admits to draw request delay. See exhibit "A."

56. October 9, 2008, Trespasser DREITZLER states that there are "Partners" who are making decisions regarding Counterclaimants private property interest. See exhibit "A."

57. On December 3, 2008 Trespasser claims Counterclaimant failed to make payments on September 2008 payment, which was subsequent to Trespassers failure to fund draw request. See exhibit "A."

58. On December 10, 2008, the lead general contractor on the project did express lack of confidence in the availability of funds to proceed to completion. See exhibit "A."

**FRAUDLENT INDUCEMENT**

59. On January 9, 2009 Trespasser BESELIN complained against PLG FUND I LLC, et al. to the King County Superior Court under case No. 09-2-02919-9 SEA of violations of the Securities Act of Washington and Violations of the Washington State Consumer Protection Act. Trespasser BESELIN in the capacity as the Plaintiff did pray for judgment against the defendants in the case jointly and severally in the principle sum of $200,000 plus interest and legal fees. See exhibit "T"

60. On March 24, 2009, the parties to the case under case No. 09-2-02919-9 SEA stipulated to dismiss the case, concealing the terms of the settlement. See exhibit "U"

61. On April 3, 2009, several of the defendants listed in case No. 09-2-02919-9 SEA in the capacity as "Partners" did commence the fraudulently induced non-judicial foreclosure proceedings against Counterclaimants private property rights. See exhibit "P"

62. On September 10, 2009, Trespasser JOLLEY did petition the Bankruptcy court for a voluntary Bankruptcy filing on the behalf of Counterclaimant. See exhibit "B."

63. Trespassers PYATT et al. are in violation of said Bankruptcy stay.

**JEFFREY BYRON PYATT**

64. Trespasser PYATT and Chief Enforcement Officer, David C. Tatman, of the Department of Consumer and Business Services, Division of Financial Regulations of the State of Oregon have

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 10

agreed that Trespasser PYATT would Cease and Desist from violating Oregon's Mortgage Lending laws in the State of Oregon.  See exhibit "V"

65. According to the Washington State Department of Financial Institutions, Trespasser PYATT is not licensed by the State of Washington to engage in residential mortgage transactions in the State of Washington under any of the identities assumed, supra.  See exhibit "H."

## III.  ACTION FOR TRESPASS

### FIRST COUNT FOR TRESPASS
### AGAINST PRIVATE LENDING GROUP LLC, MICHAEL LAWRENCE THAYER, PRIVATE ASSET MANAGEMENT, INC., JOANNE C. VAN SICKLE, RICHARD BESELIN, PYATT BROADMARK MANAGEMENT, LLC *i.e.* PARTNERS

66. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

67. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser PYATT and Trespasser DREITZLER did fraudulently induce the alleged contractual default and non-judicial foreclosure proceedings which did commence on April 3, 2009 by Trespasser PRK.  See exhibit "A" titled Memo of Understanding… dated December 3, 2008;

68. Trespasser PYATT and Trespasser DREITZLER did intentionally interfere with contractual relations.  See exhibit "A." titled, Leschi dated, July 15, 2008 and October 9, 2008;

69. Trespasser PYATT and Trespasser DREITZLER did have a fiduciary duty to contract with Counterclaimant in good faith and clean hands.  See exhibit "A" titled, Leschi dated October 9, 2008;

70. Trespasser PYATT and Trespasser DREITZLER did harass Counterclaimant.  See exhibit "Q"

71. Trespasser PYATT and Trespasser DREITZLER did harass Counterclaimant through government agents. See exhibit "D";

72. Trespasser PYATT and Trespasser DREITZLER did simulate a non-judicial foreclose in April of 2009 while also exercising alternative resolutions with the alleged borrower.  See exhibit "A"

73. Trespasser PYATT and Trespasser DREITZLER did attempt to conceal the nexus to their ultra vires behavior on June 28, 2010 by founding a new entity named PYATT BROADMARK LLC and,

74. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers, malice, negligence, and constitutes actions and omissions below the standard of a servicer and exist wholly and separately from the intentional acts stated further.

75. Because of the actions committed by Trespasser PYATT and Trespasser DREITZLER, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

76. Trespasser PYATT and Trespasser DREITZLER has a duty to not trespass on Counterclaimant's private rights.

77. Trespasser PYATT and Trespasser DREITZLER have breached that duty.

78. The damages for the injury caused by Trespasser PYATT and Trespasser DREITZLER actions are $5,000 for each day of Trespass. The damages for the injury caused by Trespasser PYATT and Trespasser DREITZLER actions are $5,000 for each act of trespass.

79. The damages for the injury caused by Trespasser PYATT and Trespasser DREITZLER actions are $5,000 for each Trespasser.

80. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**SECOND COUNT OF ACTION FOR TRESPASS**
**AGAINST MICHAEL J. WARREN,**

81. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

82. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser WARREN did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

83. Trespasser WARREN did willfully violate the U.S. Bankruptcy Court for the Western District of Washington automatic stay under petition #: 09-19343-KAO without leave of court. See exhibit "B" "C" and "E";

84. Trespasser WARREN did knowingly dismantle the Damon Charles Williams bankruptcy estate under petition #: 09-19343-KAO without leave of court;

85. Trespasser WARREN did assume the authority of the bankruptcy trustee under petition #: 09-19343-KAO by filing the Real Estate Excise Tax Affidavit associated with said non-judicial foreclosure proceedings in concert with Trespass COUNTY and Trespasser DOR.  See exhibit "C";

86. Trespasser WARREN did endorse said Real Estate Excise Tax Affidavit under penalty of perjury;

87. Trespasser WARREN did willfully disobey a federal court order, which did constitute criminal acts committed against Counterclaimant;

88. Trespasser WARREN is in contempt of court;

89. Trespasser WARREN did fraudulently induced Trespasser CAMPBELL to conspire with Trespassers to commit burglary against Counterclaimant's private property.  See exhibit "D" [emphasis on pg. 5 and pg. 8 of the Seattle Police Department General Offense Hardcopy Public Disclosure Release Copy];

90. Trespasser WARREN did fraudulently conceal the details of the transactions associated with the contractual agreement between the parties in the presence of the King County Superior court under case number 10-2-05247-0 SEA as to obstruct the administration of justice.  See exhibit "P" and "D";

91. Trespasser WARREN did intend to deceive the court and Counterclaimant by filing the lawsuit in an improper venue, evidenced by the sparse record and the lack of proper filing fee paid to the King County Superior Court under case number 10-2-05247-0 SEA;

92. Trespasser WARREN did harass Counterclaimant through government agents. See exhibit "D";

93. Trespasser WARREN has displayed precedent setting conduct for those who wish to avoid formal resolution;

94. Trespasser WARREN has displayed conduct that is ultra vires and criminal in nature, under color of law and;

95. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

96. Because of the actions committed by Trespasser WARREN, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

97. Trespasser WARREN has a duty and is bound by his oath of attorney to not trespass on Counterclaimant rights.

98. Trespasser WARREN has breached that duty.

99. The damages for the injury caused by Trespasser WARREN actions are $5,000 for each day of trespass.

100. The damages for the injury caused by Trespasser WARREN actions are $5,000 for each act, of trespass. The damages for the injury caused by Trespasser WARREN actions are $5,000 for each Trespasser.

101. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### THIRD COUNT OF ACTION FOR TRESPASS
### AGAINST DALLAS WILLIAM JOLLEY JR,

102. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

103. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser JOLLEY did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

104. Trespasser JOLLEY did enter into a contractual agreement to perform as Counterclaimant's bankruptcy attorney. See exhibit "F";

105. Trespasser JOLLEY did abandon the case, which he was contractually obligated to defend, which is evidence by the sparse record. See exhibit "F" and "G";

106. Trespasser JOLLEY did fail to diligently defend Counterclaimant's interest in the case evidence by the fact the Trespasser violated the automatic stay without leave of court;

107. Trespasser JOLLEY stood silent when he had a duty to speak, his silence can only be equated with fraud when there is a legal and moral duty to speak;

108. Trespasser JOLLEY did turn a blind eye to the bankruptcy stay violations for lack of clean hands;

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 14

109. Trespasser JOLLEY did deprive Counterclaimant of the intangible right of honest services;

110. Trespasser JOLLEY did breach the contractual agreement between the parties;

111. Trespasser JOLLEY did tacitly agree that additional damage, injury and dishonor is committed in this matter by said named Trespasser to the amount sum certain of seven hundred fifty thousand dollars ($750,000.00) on or around April 8, 2010 and;

112. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration of The Bar and exist wholly and separately from the intentional acts stated further.

113. Because of the actions committed by Trespasser JOLLEY, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

114. Trespasser JOLLEY has a duty and is bound by his oath of attorney to not trespass on Counterclaimant's rights.

115. Trespasser JOLLEY did breach said duties.

116. Trespasser JOLLEY has a duty to return the compensating private property to the Damon Charles Williams Estate.

117. The damages for the injury caused by Trespasser JOLLEY actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser JOLLEY actions are $5,000 for each act of trespass

118. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**FOURTH COUNT OF ACTION FOR TRESPASS**
**AGAINST CITY RONALD J. CAMPBELL**

119. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

120. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser CAMPBELL did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 15

121. Trespasser CAMPBELL did knowingly conspire in the execution of the burglary under color of law while armed with a weapon. See exhibit "D";

122. Trespasser CAMPBELL did receive notice of the controversy prior to entering the private property under color of law and;

123. Trespasser JOLLEY lack of clean hands caused him to turn a blind eye to the bankruptcy stay violations;

124. Trespasser CAMPBELL did provide cover for Trespassers scheme to fraud and swindle and;

125. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

126. Because of the actions committed by Trespasser CAMPBELL, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

127. Trespasser CAMPBELL has a duty and is bound by his oath not to trespass on Counterclaimant's rights.

128. Trespasser CAMPBELL has breached that duty.

129. The damages for the injury caused by Trespasser CAMPBELL actions are $5,000 for each day of trespass. The damages for the injury caused by Trespasser CAMPBELL actions are $5,000 for each act of deprivation and loss of liberty.

**FIFTH COUNT OF ACTION FOR TRESPASS
AGAINST MELVIN BRITT JR.**

130. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

131. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser BRITT did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

132. Trespasser BRITT did fail to investigate the burglary lead by Trespasser WARREN. See exhibit "D";

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 16

133. Trespasser BRITT did hold Counterclaimant's private property (laptop) as to obstruct the administration of justice. See exhibit "I";

134. Trespasser BRITT did provide cover for Trespassers scheme to fraud and swindle;

135. Trespasser BRITT's lack of clean hands caused him to turn a blind eye to the bankruptcy stay violations and subsequent burglary;

136. Trespasser BRITT did conspire to displace Countclaimants internal hard drive from his laptop. See exhibit "I" and;

137. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

138. Because of the actions committed by Trespasser BRITT, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

139. Trespasser BRITT has a duty and bound by oath to not trespass on Counterclaimant's rights.

140. Trespasser BRITT did breach said duties.

141. Trespasser BRITT has a duty to return private property to the Damon Charles Williams Estate. The damages for the injury caused by Trespasser BRITT actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser BRITT actions are $5,000 for each act of trespass.

142. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### SIXTH COUNT OF ACTION FOR TRESPASS
### AGAINST WINDERMERE SERVICES COMPANY and KATHRYN HINDS

143. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

144. Counterclaimant is informed and believes and upon such information and belief alleges that; Trespasser HINDS as agent for Trespasser WINDERMERE did list 515 35th Ave So. Seattle Washington at the request of Damon Charles Williams in January 5, 2009; see exhibit "R";

145. Trespasser HINDS as agent for Trespasser WINDERMERE did cancel said listing for 515 35th Ave So. Seattle Washington on September 18, 2009 and relist the same NOT at the request of

Counterclaimant on September 26, 2009 in violation of the automatic stay under petition #: 09-19343-KAO.  See exhibit "S";

146. Trespasser HINDS did conspire to commit burglary against Counterclaimant in January 2010.  See exhibit "D";

147. Trespasser HINDS did breach the fiduciary duty owed to Counterclaimant;

148. Trespasser HINDS did fail to treat all parties honestly;

149. Trespasser HINDS did deliberately mislead the owner as to market value;

150. Trespasser HINDS did conceal pertinent facts relating to the property transaction;

151. Trespasser HINDS did list the property on terms other than those authorized;

152. Trespasser HINDS did receive the NOTICE OF FRAUD in January 2010.  See exhibit "J";

153. Trespasser HINDS did willfully, forcibly occupy the property;

154. Trespasser HINDS did conspire to unlawfully convey title rights associated with Counterclaimant's title interest in said private property prior to receiving notice of a controversy;

155. Trespasser HINDS as agent for Trespasser WINDERMERE did conspire to provide grossly inadequate consideration for the transfer of the private property in questions, the consideration was below the tax asset value of the property;

156. Trespasser HINDS as agent for Trespasser WINDERMERE did conspire to defraud Trespasser DOR of tax revenue and;

157. Trespasser HIND lack of clean hands caused her to turn a blind eye to the bankruptcy stay violations and;

158. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of licensed Brokers and exist wholly and separately from the intentional acts stated further.

159. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

160. Because of the actions committed by Trespasser HINDS, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 18

161. Trespasser HINDS has a duty to not trespass on Counterclaimant's rights.

162. Trespasser HINDS has breached that duty.

163. The damages for the injury caused by Trespasser HINDS actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser HINDS actions are $5,000 for each act trespass. The damages for the injury caused by Trespasser HINDS actions are $5,000 for each Trespasser.

164. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### SEVENTH COUNT OF ACTION FOR TRESPASS
### AGAINST KIRILL GAVRYLYUK; CHANDRIKA SHANKARNARAYAN

165. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

166. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN did knowingly conspire to slander the title of the private property in question. See exhibit "D" for evidence of the alleged;

167. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN are knowingly in unlawful possession of the private property in question;

168. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN did forcibly enter and occupy the property commonly known as 515 35th Ave So. Seattle Washington 98144 without due process;

169. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN conspired to defraud and deprive Counterclaimant of his private property rights; See exhibit "J"

170. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN did provide grossly inadequate consideration for the transfer the private property in question;

171. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN did conspire to defraud Trespasser DOR of property tax by alleging a below tax assessed value and;

172. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN's for lack of clean hands did turn a blind eye to the bankruptcy stay violations and;

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 19

173. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

174. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

175. Because of the actions committed by Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

176. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN has a duty not to trespass on Counterclaimant's private rights.

177. Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN has breached that duty.

178. The damages for the injury caused by Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN actions are $5,000 for each act of trespass and for each day of trespass. The damages for the injury caused by Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN actions are $5,000 for each act of deprivation and loss of liberty. The damages for the injury caused by Trespasser KIRILL GAVRYLYUK and CHANDRIKA SHANKARNARAYAN actions are $5,000 for each Trespasser.

179. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**EIGHTH COUNT OF ACTION FOR TRESPASS
AGAINST ERIC S. CARLSON**

180. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

181. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser CARLSON did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 20

182. Trespasser CARLSON did conspire to slander the title of the private property commonly known as 515 35th Ave So. Seattle Washington;

183. Trespasser CARLSON did conspire to defraud Counterclaimant of private property;

184. Trespasser CARLSON did forcibly obtained possession of the private property commonly known as 515 35th Ave So. Seattle Washington without due process. See exhibit "K" and;

185. Trespasser CARLSON did fraudulently conceal the transaction detail of the transaction associated with the Real Estate Excise Tax Affidavit under exhibit K.

186. Trespasser CARLSON did conspire to provide grossly inadequate consideration for the transfer of the private property in question, the consideration was below the tax assessed value of the property;

187. Trespasser CARLSON did fraudulently induce Trespasser DOR and Trespasser COUNTY to participate in the unlawful conveyance associated with Counterclaimants by submitting a $19,585.00 tax, and;

188. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

189. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

190. Because of the actions committed by Trespasser CARLSON, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

191. Trespasser CARLSON has a duty and is bound by oath of attorney not to trespass on Counterclaimant's private rights.

192. Trespasser CARLSON has breached that duty.

193. The damages for the injury caused by Trespasser CARLSON actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser CARLSON actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser CARLSON actions are $5,000 for each Trespasser.

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 21

194. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### NINTH COUNT OF ACTION FOR TRESPASS
### AGAINST NORTHWEST TRUSTEE SERVICES, INC.

195. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

196. Counterclaimant is informed and believes and upon such information and belief alleges that, Trespasser NTS did knowingly conspire to slander the title of the private property commonly known as 515 35th Ave So. Seattle Washington.  See exhibit "J";

197. Trespasser NTS did provide aid to Trespasser scheme to fraud and swindle and;

198. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

199. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

200. Because of acts listed supra, Counterclaimant is deprived of  his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.   Trespasser NTS has a duty to not trespass Counterclaimant's rights.

201. Trespasser NTS has breached that duty.

202. The damages for the injury caused by Trespasser NTS actions are $5,000 for each day of deprivation and loss of liberty.  The damages for the injury caused by Trespasser NTS actions are $5,000 for each act of trespass.  The damages for the injury caused by Trespasser NTS actions are $5,000 for each Trespasser.

203. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### TENTH COUNT OF ACTION FOR TRESPASS
### AGAINST FIDELITY NATIONAL TITLE
### COMPANY OF WASHINGTON SERVICES, INC.

204. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

205. Counterclaimant is informed and believes and upon such information and belief alleges that, Trespasser FIDELITY did knowingly conspire to slander the title of the private property commonly known as 515 35th Ave So. Seattle Washington. See exhibit "J".

206. Trespasser FIDELITY did provide cover to Trespassers scheme to fraud and swindle and;

207. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

208. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

209. Because of acts listed supra, Counterclaimant is deprived of his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser FIDELITY has a duty to not trespass on Counterclaimant's rights.

210. Trespasser FIDELITY has breached that duty.

211. The damages for the injury caused by Trespasser FIDELITY actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser FIDELITY actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser FIDELITY actions are $5,000 for each Trespasser.

212. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

## ELEVENTH COUNT OF ACTION FOR TRESPASS
## AGAINST WELLS FARGO

213. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

214. Counterclaimant is informed and believes and upon such information and belief alleges that, Trespasser WF did knowingly conspire to slander the title of the private property commonly known as 515 35th Ave So. Seattle Washington. See exhibit "J"

215. Trespasser FIDELITY did provide cover to Trespassers scheme to fraud and swindle;

216. Trespasser WF did manufacture evidence of indebtedness against Counterclaimants private property and;

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 23

217. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

218. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

219. Because of acts listed supra, Counterclaimant is deprived his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser WF has a duty to not trespass on Counterclaimant's private rights.

220. Trespasser FWF has breached that duty.

221. The damages for the injury caused by Trespasser WF actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser WF actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser WF actions are $5,000 for each Trespasser.

222. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

///

### TWELETH COUNT OF ACTION FOR TRESPASS
### AGAINST DANIEL JENSEN,

223. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

224. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser JENSEN did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

225. Trespasser JENSEN did deprive Counterclaimant the right to an administrative review with an appealable determination from the State of Washington Department of Revenue under Docket Number: 201711-0047 under color of law. See exhibit "L".

226. Trespasser JENSEN did deprive Counterclaimant of the right to due process under color of law;

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 24

227. Trespasser JENSEN did deprive Counterclaimant of honest service under color of law; Exhibit "L" *dated* November 29ᵗ 2017 pg.1 Section 1.;

228. Trespasser JENSEN did provide cover for Trespassers scheme to fraud and swindle and;

229. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

230. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

231. Because of acts listed supra, Counterclaimant is deprived of set forth his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser JENSEN has a duty to not trespass on Counterclaimant's rights.

232. Trespasser JENSEN has breached that duty.

233. The damages for the injury caused by Trespasser JENSEN actions are $5,000 for each day of deprivation and loss of liberty.

234. The damages for the injury caused by Trespasser, WF actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser, JENSEN actions are $5,000 for each Trespasser.

235. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**THRITHEENTH COUNT OF ACTION FOR TRESPASS**
**AGAINST RICCI FRISK and DONALD R. CAPP**

236. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

237. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser DONALD R. CAPP did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

238. Trespasser FRISK and CAPP did deprive Counterclaimant, under color of law the right to petition for administrative review with the State of Washington Office of Administrative. See exhibit "M" for evidence of the alleged;

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 25

239. Trespasser FRISK and CAPP did deprive Counterclaimant of honest service under color of law;

240. Trespasser FRISK and CAPP did deprive Counterclaimant the right to due process under color of law;

241. Trespasser FRISK and CAPP did provide cover for Trespassers scheme to fraud and swindle and;

242. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

243. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

244. Because of acts listed supra, Counterclaimant is deprived of his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser FRISK and CAPP has a duty to not trespass on Counterclaimant's private rights.

245. Trespasser FRISK and CAPP has breached that duty.

246. The damages for the injury caused by Trespasser FRISK and CAPP actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser FRISK and CAPP actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser FRISK and CAPP actions are $5,000 for each Trespasser.

247. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**FOURHEETH COUNT OF ACTION FOR TRESPASS
AGAINST THOMAS BROWN MACKENZIE**

248. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

249. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser MACKENZIE did swear an oath to support the Constitution of the United States and the state of Washington and to faithfully discharge the duties of the office according to the best of his ability;

250. Trespasser MACKENZIE did, under color of law deprived Counterclaimant of the right to an administrative review with an appealable determination. See exhibit "N";

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 26

251. Trespasser MACKENZIE did deprive Counterclaimant of the right to due process under color of law;

252. Trespasser MACKENZIE did deprive Counterclaimant of honest service under color of law;

253. Trespasser MACKENZIE did provide cover for Trespassers scheme to fraud and swindle and;

254. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

255. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

256. Because of acts listed supra, Counterclaimant is deprived of his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser MACKENZIE has a duty to not trespass on Counterclaimant's private rights.

257. Trespasser MACKENZIE has breached that duty.

258. The damages for the injury caused by Trespasser MACKENZIE actions are $5,000 for each day of deprivation and loss of liberty.

259. The damages for the injury caused by Trespasser MACKENZIE actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser MACKENZIE actions are $5,000 for each Trespasser.

260. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**FIFTEENTH COUNT OF ACTION FOR TRESPASS
AGAINST KING COUNTY**

261. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

262. Counterclaimant is informed and believes and upon such information and belief alleges that; Trespasser COUNTY did violate the automatic bankruptcy under petition #: 09-19343-KAO;

263. Trespasser COUNTY did refuse to return the property collected in violation of the automatic bankruptcy stay under petition #: 09-19343-KAO. See exhibit "C";

264. Trespasser COUNTY did attempt to convert Counterclaimant's' private property into public property without consent, compensation or due process of law;

265. Trespasser COUNTY did become unjustly enriched at the expense of Counterclaimant;

266. Trespasser COUNTY did assess a tax on Counterclaimant's private property without sufficient contact with the personal private property to justify fairness of the tax.

267. Trespasser COUNTY did dismantle the bankruptcy estate under petition #: 09-19343-KAO and;

268. Trespasser COUNTY did turn a blind eye to the bankruptcy stay violations for lack of clean hands and;

269. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

270. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

271. Because of acts listed supra, Counterclaimant is deprived of his private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser COUNTY has a duty to not trespass on Counterclaimant's rights.

272. Trespasser COUNTY has breached that duty.

273. The damages for the injury caused by Trespasser COUNTY actions are $5,000 for each day of deprivation and loss of liberty.

274. The damages for the injury caused by Trespasser COUNTY actions are $5,000 for each act of trespass. The damages for the injury caused by Trespasser COUNTY actions are $5,000 for each Trespasser.

275. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### SIXTEENTH COUNT OF ACTION FOR TRESPASS
### AGAINST DEPARTMENT OF REVENUE

276. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

277. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser DOR violated the automatic bankruptcy stay under petition #: 09-19343-KAO;

278. Trespasser DOR did refuse to return the property obtained in violation of the automatic bankruptcy stay under petition #: 09-19343-KAO. See exhibit "C";

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 28

279. Trespasser DOR did assess a tax on Counterclaimant's private property without sufficient contact with the personal private property to justify fairness of the tax. See exhibit "C" and "K";

280. Trespasser DOR did dismantle the bankruptcy estate under petition #: 09-19343-KAO and;

281. Trespasser DOR lack of clean hands caused them to turn a blind eye to the bankruptcy stay violations and;

282. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action s and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

283. As a result of the conduct alleged above, Counterclaimant has been harmed and suffered damages as more fully set forth below.

284. Because of acts listed supra, Counterclaimant is deprived of his property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty. Trespasser DOR has a duty to not trespass on Counterclaimant's private rights.

285. Trespasser DOR has breached that duty.

286. The damages for the injury caused by Trespasser DOR actions are $5,000 for each day of deprivation and loss of liberty.

287. The damages for the injury caused by Trespasser DOR actions are $5,000 for each act of deprivation and loss of liberty. The damages for the injury caused by Trespasser DOR actions are $5,000 for each trespass.

288. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

### SEVENTEENTH COUNT OF ACTION FOR TRESPASS AGAINST PRK FUNDING SERVICE

289. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

290. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser PRK did knowingly commence a non-judicial foreclosure against Counterclaimant's property rights without standing;

291. Trespasser PRK did knowingly commence an unlawful detainer action under KING COUNTY SUPERIOR CASE NO. 10-2-05247-0 SEA against Counterclaimant's private property rights

ACTION FOR TRESPASS, AND TRESPASS THE CASE - 29

without standing to prosecute as a Note Holder and party interest/owner.  See exhibit "P" for evidence of the alleged;

292. Trespasser PRK did willfully violate the U.S. Bankruptcy Court for the Western District of Washington automatic stay under petition #: 09-19343-KAO without leave of court.  See exhibit "B" "C" and "E";

293. Trespasser PRK did knowingly dismantle the DAMON CHARLES WILLIAMS bankruptcy estate under petition #: 09-19343-KAO without leave of court;

294. Trespasser PRK did assume the authority of the bankruptcy trustee under petition #: 09-19343-KAO by filing the Real Estate Excise Tax Affidavit associated with said non-judicial foreclosure proceedings.  See exhibit "C";

295. Trespasser PRK did fraudulently conceal the details of the transactions associated with Counterclaimant's interest in property rights.  See exhibit "H" for evidence of the alleged fraudulent concealment and;

296. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, deprive actions and omissions below the standard of duties of agents of the administration and exist wholly and separately from the intentional acts stated further.

297. Because of the actions committed by Trespasser PRK, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

298. Trespasser PRK has a duty not to trespass on Counterclaimant's private rights.

299. Trespasser PRK has breached that duty.

300. The damages for the injury caused by Trespasser PRK actions are $5,000 for each day of deprivation and loss of liberty.  The damages for the injury caused by Trespasser PRK actions are $5,000 for each act of trespass.

301. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

**EIGHTEENTH COUNT OF ACTION FOR TRESPASS**
**AGAINST CITY OF SEATTLE**

302. Counterclaimant repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 30

303. Counterclaimant is informed and believes and upon such information and belief alleges that: Trespasser CITY and its managing agents, in both their individual and official capacities, ratified, adopted and authorized SEATTLE POLICE DEPARTMENT and its managing agents' in both their individual and official capacities, knew, or should have known, that Trespasser CAMPBELL and Trespass BRITT were engaging in illegal conduct.

304. Trespasser CITY did turn a blind eye to the bankruptcy stay violations, the burglary and crimes committed by Trespasser CAMPBELL and BRITT for lack of clean hands and;

305. All of the above allegations, which are not meant to be exhaustive, but only exemplifies Trespassers negligence, constitutes action and omissions below the standard of duties of agents of the administration of the City of Seattle and exist wholly and separately from the intentional acts stated further.

306. Because of the actions committed by Trespasser CITY, Counterclaimant was immediately and directly injured and suffered loss of private property rights, Counterclaimant was immediately and is directly injured and suffers loss of liberty.

307. Trespasser CITY has a duty to not trespass on Counterclaimant's rights.

308. Trespasser CITY has breached that duty.

309. The damages for the injury caused by Trespasser CITY actions are $5,000 for each day of deprivation and loss of liberty. The damages for the injury caused by Trespasser CITY actions are $5,000 for each act of Trespass.

310. WHEREFORE, Counterclaimant prays judgment as herein below set forth.

## IV.    ACTION FOR TRESPASS ON THE CASE

## VICARIOUS LIABILITY

311. Paragraphs under III. ACTION FOR TRESPASS are included by reference as though fully stated herein.

312. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 31

313. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a Counterdefendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable Counterdefendants must be in the business of controlling, leasing, bailing, or licensing the actors.

314. Each Counterdefendant is an agent of the other, and each has his place in the chain of exposing Counterclaimant to the acts. Each Counterdefendant is vicariously liable for each instance of injury to Counterclaimant. The acts of the Trespassers listed supra has denied the KING COUNTY SUPERIOR under CASE NO. 10-2-05247-0 SEA jurisdiction. Trespassers have no standing to prosecute a non-judicial foreclosure associated with Counterclaimant's private property.

## V.     LAW OF THE CASE

315. Exhibit "O" is incorporated by reference as though fully stated herein.

## VI.     REQUEST FOR RELIEF

316. For that cause of action therefore Counterclaimant brings suit.

317. WHEREFORE, Counterclaimant requests relief and judgment against Counterdefendants as follows:

318. WHEREFORE, Counterclaimant prays judgment against Counterdefendants, and each of them, as follows:

319. On all causes of action:

320. For general damages in the sum of $5,000 multiplied by the number of days of loss of private property rights and loss of liberty.

321. For loss of equity according to proof;

ACTION FOR TRESPASS, AND TRESPASS THE CASE  - 32

322. That the court entered a declaratory judgment that Counterdefendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

323. That the court entered a declaratory judgment that Counterdefendants have acted contrary to constitutional right, power or privilege.

324. That the court entered a declaratory judgment that Counterdefendants' actions were in excess of statutory jurisdiction, authority and short of statutory right.

325. That the court permanently enjoined Counterdefendants from interfering in any way with Counterclaimant's lawful right to possession of Counterclaimant's private property.

326. That the court entered a declaratory judgment that the records of the court not of record are impeached for want of jurisdiction in the Court or judicial officers, for collusion between the parties, and/or for fraud in the parties offering the record, in respect to the proceedings;

327. That the court grant Counterclaimant his legal fees;

328. That the court grant Counterclaimant such other and further relief as the court deems proper

329. For interest as allowed by law; and

330. For costs of suit incurred.


I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Dated this 16th of January 2018.


_____

Damon Charles Williams