UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMON CHARLES WILLIAMS, | CASE NO. C18-48 RSM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | |
| PRK FUNDING SERVICES, INC., *et al.*, | |
| Defendants. | |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Motion which he styles a "Notice of Motion; Motion for Contempt [Confidential Personnel Matter]." Dkt. #118. Plaintiff does not provide, and the Court is not aware of, any legal authority for seeking contempt against the Court or the undersigned Judge[1] and examination of the Motion makes clear that it is an untimely motion for reconsideration and, possibly, a motion for recusal. For the reasons discussed herein, the Motion is denied.

## II.     BACKGROUND

The facts underlying Plaintiff's case have been recounted previously by the Court and are incorporated herein by reference. See Dkt. #107 at 3–4. The facts pertinent to this Motion are

---

[1] Plaintiff mistakenly refers to the undersigned as a "magistrate," citing to a Washington State statute. Dkt. #118 at 2 n.4. The undersigned is an Article III judge. *See* U.S. CONST. art. III, § 1. Federal magistrate judges are created by federal statute. *See* 28 U.S.C. § 631 et seq.

ORDER – 1

procedural.  On April 18, 2018, Plaintiff filed a Writ of Error Coram Nobis Resident.  Dkt. #63.

The Court struck Plaintiff's Writ on April 20, 2018, explaining that writs of coram nobis have

been abolished and that the Writ was otherwise an untimely motion for reconsideration.  Dkt.

#70.  On July 6, 2018, the Court issued an order granting several defendants' motions to dismiss

and denying a Motion to Strike filed by Plaintiff.  Dkt. #107.  On August 1, 2018, the Clerk

received[2] Plaintiff's Motion with a document styled as an "Order Sealing of Papers."  Dkt. #118-

1.  The Order Sealing of Papers improperly purported to file the documents under seal.[3]  *Id.*

### III.    DISCUSSION

Upon examination, Plaintiff's Motion most clearly seeks reconsideration of this Court's

prior decisions.  Plaintiff argues, with regard to his April 18, 2018 Writ, that the Court was

required to object to the Writ, that the Court lacked authority to strike the Writ, that the Court's

minute order striking the Writ was invalid because of the manner in which it was captioned, and,

seemingly, that Plaintiff, not the Court, is the only party that may issue orders in this action.  Dkt.

#118 at 3–5.  With regard to the Court's July 6, 2018 Order, Plaintiff argues that the Court

---

[2] The Court has reminded Plaintiff that he "has registered to electronically file and receive electronic service in this case" and that he had thereby waived the ability to file documents over the counter or through the mail and that "[a]ll future filings must be electronically filed."  Dkt. #119.

[3] The Court need not address whether the papers should be filed under seal.  Plaintiff's Motion provides:

> This motion involves a personal matter relating to court personnel.  For that reason as well as to protect the privacy and personal community standing of the alleged contemnor, this motion is presented to the court in confidence, known only to the alleged contemnor, witness, and the court[.]  However, if the alleged contemnor or the court wish to make this matter public, Damon Charles Williams has no objection.

Dkt. #118 at 2.  Plaintiff does not request that the papers be filed under seal or attempt to overcome the strong presumption of public access to the court's files in accordance with Local Civil Rule 5(g).

ORDER – 2

incorrectly cited to the record in a footnote on a minor point[4] and that the Court impermissibly testified in the matter by noting that "Wells Fargo Bank N.A." is an abbreviation for "Wells Fargo Bank National Association." *Id.* at 7–8. Plaintiff further reargues his Motion to Strike—which the Court denied in its July 6, 2018 Order—on the basis that the Court misunderstood his argument and that his rejected arguments were correct. *Id.* at 8–14. Lastly, Plaintiff argues that the Court lacked authority to enter its July 6, 2018 Order. *Id.* at 14.

Under this Court's Local Civil Rules, Plaintiff must file any motion for reconsideration within fourteen days after the Order to which it relates is filed. LCR 7(h)(2). The Court's minute order striking Plaintiff's Writ was issued on April 20, 2018. Dkt. #70. Thus, Plaintiff was required to file any motion for reconsideration no later than May 4, 2018. The Court's Order denying Plaintiff's Motion to Strike was issued on July 6, 2018. Dkt. #107. Thus, Plaintiff was required to file any motion for reconsideration no later than July 20, 2018. Plaintiff's Motion was filed on August 1, 2018, well after those deadlines. Dkt. #118.

Further, "[m]otions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff's Motion neither demonstrates manifest legal error nor directs the Court to new facts or legal authority that Plaintiff could not have presented previously. There is nothing in Plaintiff's Motion that persuades the Court its prior decisions were incorrect. Accordingly, Plaintiff's Motion is denied.

Plaintiff's Motion may also be interpreted in part as a motion for recusal. Specifically, Plaintiff asks the Court to "find the Honorable Ricardo S. Martinez, Chief United States District

---

[4] The Court acknowledges the non-substantive typo but also notes that Plaintiff was able to fully discern the Court's intended citation.

ORDER – 3

Judge [a Magistrate of said court of record] [sic] civil contempt of the above-entitled court and case." *Id.* at 14.

A motion for recusal is first reviewed by the challenged judge and then referred to another judge for review. LCR 3(f). A United States judge shall voluntarily recuse in any proceeding in which the judge's impartiality "might reasonably be questioned," including where the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *See* 28 U.S.C. § 455(a), (b)(1). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff's request, to the extent it is a motion for recusal, is based on his dissatisfaction with the Court's prior decisions. Plaintiff presents no extrajudicial evidence of bias or personal knowledge and no basis reasonably exists for questioning the undersigned Judge's impartiality. As Plaintiff has not established a sufficient basis to require recusal, the undersigned Judge declines to voluntarily recuse himself.

## IV.    CONCLUSION

Having reviewed Plaintiff's Motion, along with the remainder of the record, the Court hereby finds and ORDERS:

1.  Plaintiff's Notice of Motion; Motion for Contempt [Confidential Personnel Matter] (Dkt. #118) is DENIED.

2.  In accordance with LCR 3(f), this Order is referred to the Honorable Ronald B. Leighton, the senior active judge in this District, for review of this Court's denial of recusal.

ORDER – 4

3. The Clerk is directed to provide a copy of this Order to U.S. District Judge Ronald B. Leighton.

DATED this 10th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5