UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMON CHARLES WILLIAMS, | CASE NO. C18-48RSM |
| Plaintiff, | MINUTE ORDER STRIKING PLAINTIFF'S RECENT FILINGS |
| v. | |
| PRK FUNDING SERVICES, INC., *et al.*, | |
| Defendants. | |

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge:

Plaintiff has recently filed several documents that are all procedurally improper. Dkts. #153, #154, #155, #156, and #157. The first few were easily disregarded as irrelevant. However, Plaintiff continues to improperly file documents. Accordingly, and for the reasons below, the Court STRIKES each.

On November 4, 2018, Plaintiff filed a Judicial Notice of Relevant Facts Under Fed. R. Evid. Rule 201 ("Judicial Notice"). Dkt. #153. The Judicial Notice apparently seeks to add evidence to the record. Plaintiff does not indicate what filing the Judicial Notice supports and does not provide any legal basis for the filing. The Court STRIKES Plaintiff's Judicial Notice as procedurally improper and has not considered it.

MINUTE ORDER – 1

On November 14, 2018, Plaintiff filed a Declaration of Damon Charles Williams ("Declaration"). Dkt. #154. Plaintiff's Declaration seeks to add evidence to the record, but does not identify what filing it supports, why it is timely, or why it is relevant. Plaintiff provides no legal basis for the filing and does not seek leave of the Court. Accordingly, the Court STRIKES the Declaration as procedurally improper and has not considered it.

On December 5, 2018, Plaintiff filed a Notice of Motion and Motion to Compel Response to Subpoena ("Motion to Compel"). Dkt. #155. That filing seeks to compel compliance with a subpoena presumably issued by Plaintiff pursuant to Federal Rule of Civil Procedure 45. Pro se parties may not issue subpoenas without the subpoenas being issued by the Clerk. Fed. R. Civ. P. 45(a)(4). Those subpoenas are issued under the signature of the Clerk. *Id.* Plaintiff's Motion to Compel does not attach the subpoena, does not provide proof that the subpoena was properly served, and does not demonstrate that the subpoena—if lawful—is properly enforced in this District. Plaintiff's Motion to Compel is procedurally improper and the Court accordingly STRIKES Plaintiff's Motion to Compel.

On December 7, 2018, Plaintiff filed a Supplemental Declaration of Damon Charles Williams ("Supplemental Declaration"). Dkt. #156. The Supplemental Declaration attempts to enter "discovered evidence in the form of email correspondence." *Id.* Plaintiff has not sought leave of the Court to file the documents, does not indicate how the documents are relevant to this matter, does not indicate why they are timely filed in support of any of his briefing, and provides no legal authority allowing his filing. Accordingly, the Court STRIKES Plaintiff's Supplemental Declaration as procedurally improper and has not considered it.

On December 13, 2018, Plaintiff filed a Writ of Conventional Mandamus ("Writ"). Dkt. #157. The purpose of this filing is unclear to the Court and the Court is concerned that it

MINUTE ORDER – 2

materially misrepresents the record. Plaintiff's Motion for Expungement (Dkt. #116) remains pending and has not been granted. The Court will interpret the Writ as an untimely and unrequested supplement to Plaintiff's proposed Order Granting Motion to Direct Expungement (Dkt. #116-2). The Writ is procedurally improper and the Court accordingly STRIKES the Writ.

DATED this 17 day of December, 2018.

WILLIAM McCOOL, Clerk

By: /s/ Paula McNabb
Deputy Clerk

MINUTE ORDER – 3