UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMON CHARLES WILLIAMS, | CASE NO. C18-48RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| PRK FUNDING SERVICES, INC., *et al.*, | |
| Defendants. | |

## I.     INTRODUCTION

This matter is before the Court on several pending motions and *sua sponte* on the Court's Order to Show Cause Regarding Service. Dkt. #108. The motions pending are:

1. Plaintiff's Motion to Direct Expungement ("Expungement Motion"). Dkt. #116.

2. Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment. Dkt. #122. The Court will refer to Kirill Gavrylyuk and Chandrika Shankarnarayan as "Defendant Owners."

3. Defendants Windermere Services Company's and Kathyrn [sic] Hinds' Joinder in Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment. Dkt. #125. The Court will refer to Windermere Services Company as

"Defendant Windermere," to Kathryn Hinds as "Defendant Hinds," and to these Defendants collectively as the "Windermere Defendants."

4.  PRK Defendants' Motion for Joinder in Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment. Dkt. #126. The "PRK Defendants" consist of PRK Funding Services, Inc. ("Defendant PRK"), Jeffrey Pyatt ("Defendant Pyatt"), Michael James Warren ("Defendant Warren"), Eric S. Carlson ("Defendant Carlson"), Michael Lawrence Thayer ("Defendant Thayer"), Joanne C. Van Sickle ("Defendant Van Sickle"), Richard Beselin ("Defendant Beselin"), Private Asset Management, Inc. ("Defendant Private Asset"), Pyatt Broadmark Management, LLC ("Defendant Broadmark"), PLG Fund I, LLC ("Defendant PLG I"), and Private Lenders Group, LLC ("Defendant PLG").

5.  Defendant Dallas William Jolley, Jr.'s Joinder in Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment. Dkt. #132. The Court will refer to Dallas William Jolley, Jr. as "Defendant Jolley."

6.  Plaintiff's Motion to Join Additional Parties. Dkt. #134.

All motions have been fully briefed.[1]  The Court finds that oral argument is unnecessary to its resolution of these matters.  Having reviewed the extensive record and for the reasons set forth below, the Court resolves the matters as follows.

---

[1] The Court notes that Plaintiff has filed both a "Motion in Opposition of Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgement Including the Joinder Motions Under Dkt. #122 [sic] #125, #126 and #132" (Dkt. #143) and a "Memorandum in Support of Opposition of Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgement Including the Joinder Motions Under Dkt. #122 [sic] #125, #126 and #132" (Dkt. #145).  Plaintiff was previously advised that this practice did not comply with the Court's local rules.  Dkt. #107 at 2 n.4 (citing LCR 7(b)(1)).  Plaintiff's failure to follow the local rules is made more egregious by the fact that Plaintiff sought, but was denied, leave to file an over-length response.  Dkts. #141 and #142.  Accordingly, the Court only considers the first 24 pages of the combined filings (Dkts. #143 and #145).

## II.    BACKGROUND

### A.  Factual Background

Plaintiff owned a parcel of property located in Seattle, at 515 35th Avenue South.  On August 3, 2005, a quit claim deed was recorded that transferred 100% of Plaintiff's ownership interest to Williams Family Holdings LLC, whose sole member was Plaintiff.  Dkt. #123-1 at 2. Williams Family Holdings LLC secured a loan of one million three hundred eleven thousand dollars ($1,311,000) from Defendant PLG on or about January 24, 2007.  *See* Dkt. #111 at 17–33.  The loan was intended to facilitate the construction of a single family residence on the property.  *Id.* at 17.  The loan was secured by a deed of trust upon the property, executed the same day by Plaintiff as the Managing Member of Williams Family Holdings LLC.  Dkt. #144-1 at 45–68.  Plaintiff also personally guaranteed the loan.  Dkt. #111 at 18–33. On January 25, 2007, Defendant PLG recorded a January 22, 2007 assignment of the Deed of Trust Defendant PRK, as custodian for the noteholders in Defendant PLG I.  Dkt. #144-1 at 15–16.

Plaintiff began construction on the property but the project was not completed in the anticipated timeframe and ran into financial trouble due to the conduct of Defendant PLG and its agents. Dkt. #3 at ¶ 34; Dkt. #111 at 2–13.  Plaintiff attempted to refinance the project.  *Id.*  But the trustee on the deed of trust ultimately initiated non-judicial foreclosure under Chapter 61.24, Revised Code of Washington.  Dkt. #111 at 37–39; 84–85.  The trustee sale was scheduled for September 11, 2009.  *Id.* at 38.  Plaintiff, with Defendant Jolley's assistance, filed for voluntary Chapter 7 bankruptcy on September 10, 2009.  *Id.* at 15.  Nevertheless, the trustee held the trustee sale, as scheduled, on September 11, 2009, with Defendant PRK purchasing the property.  *Id.* at 37–39.  Plaintiff's Chapter 7 bankruptcy was later dismissed, on October 7, 2009, "for Failure to File Schedules or Statements."  *Id.* at 68.

After the trustee sale, Defendant PRK and Plaintiff each asserted ownership over the property. *Id.* at 78, 84–85. On January 19, 2010, Plaintiff filed a "Notice of Fraud and Intent to Litigate" against the property with the King County Auditor. *Id.* at 89–92. Defendant PRK initiated an unlawful detainer action against Plaintiff in King County Superior Court on January 29, 2010. *Id.* at 111–17. Also on January 29, 2010, Plaintiff filed a lis pendens against the property with the King County Auditor. *Id.* at 131–33. Defendant PRK ultimately was granted a Writ of Restitution to restore possession of the property. Dkt. #123-1 at 32–34.

Ultimately, the property was sold, on December 8, 2010, to Defendant Owners via a Statutory Warranty Deed that was recorded on December 14, 2010. Dkt. #123-1 at 36–37. The Defendant Owners only connection to Plaintiff is that they own the property that he also claims to own. Prior to instituting this action, Plaintiff recorded several documents against the property. These included an Affidavit of Patent, an Affidavit of Acceptance, and a Quit Claim Deed. Dkt. #123-1 at 39–52.

### B. Procedural Background

On January 11, 2018, Plaintiff filed this action against 29 named defendants. Dkt. #1. On July 6, 2018, the Court granted several motions and dismissed Plaintiff's claims against seven defendants and several claims against Windermere Defendants. Dkt. #107. In that Order, the Court determined that Plaintiff's Complaint had not adequately pled RICO claims as to any Defendant. *Id.* at 9–12. Additionally, the Court found that the majority of Plaintiff's state law claims were subject to a three year statute of limitations. Because Plaintiff's claims against the moving defendants were all premised on activity taking place prior to January 11, 2015, they were untimely and Plaintiff did not point to any contradictory authority. *Id.* at 12–24. Accordingly, the Court dismissed certain claims and granted Plaintiff leave to amend. Plaintiff

did not file an amended complaint. Because several defendants had not appeared and Plaintiff had not provided proof of service, the Court also subsequently issued an Order to Show Cause, directing Plaintiff to show cause as to proper service of those defendants or, alternatively, why he should be granted an extension to properly serve those defendants. Dkt. #108.

## III. DISCUSSION

### A. Moving Defendants are Entitled to Summary Judgment on All of Plaintiff's Claims

#### 1. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the non-moving party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 251. Uncorroborated allegations and self-serving testimony will not create a genuine

issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). Rather, the non-moving party must make a "sufficient showing on [each] essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### 2. Trustee Sale Did Not Violate Plaintiff's Bankruptcy Stay

The crux of Plaintiff's case is the failed premise that the trustee sale of property owned by Williams Family Holdings LLC violated the automatic bankruptcy stay effected upon filing of Plaintiff's personal bankruptcy petition.[2] Because that premise fails, the majority of Plaintiff's claims fail and summary judgment is properly granted.

"The filing of a bankruptcy petition creates a bankruptcy estate, which is protected by an automatic stay of actions by all entities to collect or recover on claims. 11 U.S.C. § 362(a). 'The automatic stay is self-executing, effective upon the filing of the bankruptcy petition.'" *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017) (quoting *Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074, 1081 (9th Cir. 2000)). Actions taken in violation of the stay are void. *Schwartz v. United* States, 954 F.2d 569, 571 (9th Cir. 1992). Further, debtors have a cause of action for violations of the stay. 11 U.S.C. § 362(k). Relevant to this action, the stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The property interests that are protected by the automatic stay are determined by state law. *See Butner v. United States*, 440 U.S. 48, 54–55 (1979).

---

[2] This issue is vital to Plaintiff's claims because (1) the majority of his arguments depend on the trustee deed being void—as executed in violation of the bankruptcy stay—and (2) there is not a clear statute of limitations applicable to violations of a bankruptcy stay. *See* Dkt. #107 at 19.

Plaintiff does not, and cannot, contest that the property was owned by Williams Family Holdings LLC at the time of the trustee's sale. The question, therefore, is whether Plaintiff, as the sole member of the LLC, had a personal interest in the property. The appropriate starting point is the Washington Limited Liability Company Act (Chapter 25.15, WASH. REV. CODE) in effect at the time of the trustee sale. Under that Act, a LLC is granted "the same powers as an individual to do all things necessary or convenient to carry out its business and affairs." WASH. REV. CODE § 25.15.030(2) (2010).[3] The Act also makes clear that the LLC and its members are separate entities. *See* WASH. REV. CODE § 25.15.125(2) (2010) ("A member or manager of a limited liability company is personally liable for his or her own torts."). "A member has no interest in specific limited liability company property," only a "limited liability company interest," which is personal property. WASH. REV. CODE § 25.15.245(1) (2010). This interest is merely "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets." WASH. REV. CODE § 25.15.005(6) (2010).

Under the Act, the Washington Supreme Court has expressly held that LLC members have no ownership in property owned by the LLC and that assets and property owned by the LLC are not part of a member's bankruptcy estate. *In re Disciplinary Proceeding Against McGrath*, 178 Wash.2d 280, 301, 308 P.3d 615, 625 (2013), *see also Bravern Residential, II, LLC v. State, Dep't of Revenue*, 183 Wash. App. 769, 779, 334 P.3d 1182, 1187 (2014). The Washington Supreme Court clearly contrasted this with a member's limited liability company interest which is personal property and therefore rightfully included in the member's bankruptcy estate. *In re Disciplinary Proceeding Against McGrath*, 308 P.3d at 625.

---

[3] Washington has since changed its statutes related to limited liability companies. *See* Chapter 25.15, WASH. REV. CODE.

ORDER – 7

Accordingly, Plaintiff's claims fail to the extent they are premised on a violation of the bankruptcy stay. Plaintiff himself did not have any property interest in the property owned by the LLC. The LLC was the only owner. *In re Perl*, 811 F.3d 1120 (9th Cir. 2016) ("where a debtor 'had no remaining interest in the property, legal or equitable, when the bankruptcy petition was filed' the stay was not violated"). Plaintiff did have a property interest in the LLC itself, but this property interest was not impacted by the trustee sale. Plaintiff was the sole member of the Williams Family Holdings LLC before the trustee sale and after the trustee sale. The trustee sale only affected the LLC's assets.

Plaintiff nevertheless attempts to respond with a confusing mish-mash of distorted and unrelated legal concepts roughly shaped into a legal theory.[4] Dkts. #143 and #145. Primarily, Plaintiff appears to argue that Defendants have not produced sufficient evidence as to certain points that Plaintiff believes are relevant. Dkt. #143 at 5–7. But Plaintiff fails to recognize that he has the ultimate burden of proof. *See* Section A.1. Defendants do not have to prove that their every action was in every conceivable way compliant with the law. Rather, Plaintiff must produce evidence creating a genuine dispute as to a material fact. In the limited instances where Plaintiff does put forward evidence, he provides no explanation for how that evidence creates a genuine dispute as to any material fact.[5]

---

[4] In his response, Plaintiff seeks to strike the declaration of counsel for Defendant Owners that was submitted in support of Defendant Owners' Motion (Dkt. #123). Dkt. #143 at 13–15. Plaintiff alleges that the attorney lacks first-hand knowledge of the facts to which she swears. However counsel for Defendant Owners does not assert she had knowledge of the underlying facts, only to the complete and accurate nature of the documents attached. Dkt. #123. Plaintiff's request is baseless and the Court notes that he does not, in any manner, challenge the authenticity of the documents attached to the declaration. Plaintiff's request is denied.

[5] For instance, Plaintiff argues that Defendant PLG's assignment of the deed of trust to Defendant PRK (Dkt. #144-1 at 15–16) was ineffective because Williams Family Holdings LLC had not yet executed the deed of trust (Dkt. #144-1 at 45–68). Dkt. #143 at 6, 11. Accordingly, Plaintiff argues that the trustee's foreclosure, in favor of Defendant PRK, was void for this and other

Further, Plaintiff's response lacks adequate legal support. Dkts. #143 and #145. Plaintiff generally makes no showing that the sources he relies on are in any way applicable in this case. *Id.* Specifically, Plaintiff argues that the transfer of the property from him to the Williams Family Holdings LLC was "merely for identity change" and notes that the transaction was not subject to Real Estate Excise Tax under Washington law. Dkt. #145 at 3–4. But Washington law is clear that LLC members do not have ownership interests in property owned by the LLC. Even if there was a factual dispute as to Plaintiff's intent or the state's tax treatment of the transfer, Plaintiff does not provide any authority indicating these issues are relevant to his underlying legal claims.

Accordingly, Plaintiff's claims against Defendant Owners, Windermere Defendants, PRK Defendants, and Defendant Jolley, to the extent they are premised on the trustee's deed violating the bankruptcy stay and therefore being void, are dismissed.[6]

### 3. Plaintiff's Remaining State Law Claims Fail

#### a. Most of Plaintiff's State Law Claims Are Brought Too Late

Plaintiff asserts a variety of state law claims against the moving Defendants based on actions taken by them in 2009 and 2010.[7] However, the longest statute of limitation applicable to Plaintiff's state law claims appears to be six years. WASH. REV. CODE § 4.16.040 ("action upon a contract in writing" must be commenced within six years) and § 4.16.080 (actions on

---

reasons. *Id.* Whatever the merits of these arguments, Plaintiff provides no reason why he has standing to make the arguments or how they would relate to his claims in any way.

[6] This is determinative as to Windermere Defendants as the Court previously dismissed Plaintiff's state law claims against them. Dkt. #107.

[7] As to PRK Defendants, Plaintiff appears to variously assert claims of trespass, negligence, fraud, breach of contract, breach of fiduciary duty, inexcusable delay, fraudulent inducement, interference with a contract, harassment, and malicious prosecution. *See generally* Dkt. #3. As to Defendant Jolley, Plaintiff appears to assert claims of trespass, negligence, breach of contract, and legal malpractice. *Id.* Plaintiff's response does not address many of these claims and the Court accordingly treats them as conceded.

certain contracts and for trespass, general torts, and fraud must be commenced within three years).[8]  Plaintiff does not point to any action taken by PRK Defendants or Defendant Jolley after 2010[9] and the state law claims against these Defendants are accordingly barred and must be dismissed.[10]

### b.  Plaintiff's State Law Claims Against Defendant Owners Fail

Plaintiff's claims against Defendant Owners are somewhat distinct from those asserted against Windermere Defendants, PRK Defendants, Defendant Jolley, and the previously dismissed defendants.  *See* Dkt. #107.  Some claims relate to the occupation of the property—which is ongoing—and the Court will therefore consider Plaintiff's claims against Defendant Owners separately and in more depth.

Defendant Owners interpret Plaintiff's Complaint as seeking to deprive them of their property and of alleging (1) conspiracy to slander title, (2) unlawful possession, (3) forceable entry, (4) conspiracy to deprive Plaintiff of his property rights, and (5) that Defendant Owners

---

[8] Plaintiff does assert claims related to ownership of the property that are subject to a ten year statute of limitations.  WASH. REV. CODE § 4.16.020(1) ("actions for the recovery of real property, or for the recovery of the possession thereof" must be commenced within ten years).  These claims relate to Defendant Owners and are addressed below.

[9] *See* Dkt. #146 at 3 (PRK Defendants noting that Plaintiff does not point to any action taken by PRK Defendants after February 12, 2010).

[10] Plaintiff does argue that the statutes of limitation should run from more recent events under the "discovery rule."  *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wash.2d 566, 576, 146 P.3d 423, 428 (2006) (state statute of limitations ran from the time "the plaintiff discovers, or in the reasonable exercise of diligence should discovery, the elements of [plaintiff's] cause of action"); *DirecTV, Inc. v. Webb*, 545 F.3d 837, 852 (9th Cir. 2008) ("cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action") (quoting *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006)) (quotation marks omitted).  But that rule does not apply here as Plaintiff immediately knew of his "injury"—non-judicial foreclosure of the property and his subsequent removal from the property.  *In re Estates of Hibbard*, 118 Wash.2d 737, 744, 826 P.2d 690, 696 (1992) (discovery rule generally limited to claims where plaintiffs could not immediately know of injuries or could not know of the causes of the injuries).

"turned a blind eye to the alleged bankruptcy stay violation." Dkt. #122 at 4. Defendant Owners present various procedural and substantive barriers to Plaintiff's claims.

First, and most importantly, Plaintiff lacks standing because his claims depend on ownership of the property. Williams Family Holdings LLC, not Plaintiff, owned the property. Dkt. #122 at 4–6 (citing WASH. REV. CODE § 25.15.031; *Woods View II, LLC v. Kitsap County*, 188 Wash. App. 1, 352 P.3d 807 (2015) (harms to LLC not actionable by managing member, sole owner, and agent of LLC)); *Finley v. Takisaki*, No. C05-1118JLR, 2006 WL 1169794, at *3 (W.D. Wash. Apr. 28, 2006) (noting that members of a LLC did not have standing to personally pursue damages suffered by the LLC and would have to allege "an injury distinct from those of any other LLC member"). The only injury suffered by Plaintiff was a possible decrease in the value of his LLC ownership interest, but this was only derivative of the harm to the LLC and does not provide Plaintiff standing. *Id.* Plaintiff's claims against Defendant Owners fail for this reason.

Further, Defendant Owners point out that any claims premised on the events leading to non-judicial foreclosure must be dismissed under Washington's Deeds of Trust Act because Plaintiff did not seek to enjoin the sale and did not initiate an action within two years of the sale. Dkt. #122 at 6 (citing Chapter 61.24 WASH. REV. CODE; *Plein v. Lackey*, 149 Wash.2d 214, 67 P.3d 1061 (2003) (waiver appropriate where (1) notice, (2) knowledge of defense, and (3) failure to seek injunction)). Any claims premised on actions of Defendant Owners at the time they acquired the property—2010—are barred by applicable statutes of limitations, as noted above. Plaintiff's claim to possession is also barred by the earlier state court unlawful detainer action because the state court determined that Plaintiff was not entitled to possession of the property. Dkt. #122 at 9–10 (citing sources in support). Lastly, Defendant Owners argue that, in any event,

they have adversely possessed the property as they have actually, openly, and notoriously possessed the property since they acquired it in December 2010 and the requisite seven years therefore ran prior to Plaintiff filing suit. Dkt. #122 at 10 (citing WASH. REV. CODE § 7.28.070). For all these reasons, Plaintiff's claims against Defendant Owners fail.

### c. Plaintiff Will Not Be Granted Time for Additional Discovery

Plaintiff argues that he is currently involved in discovery, has not completed discovery, and that granting summary judgment at this time would be improper. Dkt. #145 at 2–3. However, Plaintiff does not cite to the applicable rule or approach its standards. Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Even if Plaintiff had submitted an affidavit or declaration, he has not identified "the specific facts that further discovery would reveal, [or] explain[ed] why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff's request is guided by nothing more than speculation and is denied.

### B. Resolution of the Court's Order to Show Cause Regarding Service

Plaintiff's Complaint names the State of Washington Department of Revenue ("DOR"), Northwest Trustee Services, Inc., and Fidelity National Title Company of Washington Services, Inc. However, none of those entities have appeared in this action and as of July 10, 2018, Plaintiff had not filed proof of service with regard to those entities. In response to the Court's Order to Show Cause Regarding Service (Dkt. #108), Plaintiff filed a proof of service indicating that the DOR was served by leaving the summons with an individual at the front desk of a DOR office

ORDER – 12

in Seattle. Dkt. #110. Plaintiff also admitted that the purported service was untimely and that he was confused as to the status of service on the DOR prior to the Court's show cause order. Dkt. #112. Plaintiff has never provided any proof or argument that either Northwest Trustee Services, Inc. or Fidelity National Title Company of Washington Services, Inc. have ever been properly served. Accordingly, Plaintiff's claims against both Northwest Trustee Services, Inc. and Fidelity National Title Company of Washington Services, Inc. are dismissed.

With regard to DOR, service is to be effected upon the agency's chief executive officer or as provided by state law. FED. R. CIV. P. 4(j)(2)(A)–(B). Washington law allows for service upon the State or an agency of the State "by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." WASH. REV. CODE § 4.92.020. Plaintiff has not properly effected service of process upon the DOR and has not requested additional time to do so[11] and Plaintiff's claims against DOR are therefore dismissed.

## C. Plaintiff's Motion to Add Additional Parties

On August 22, 2018, Plaintiff filed a Motion to Join Additional Parties. Dkt. #134. Therein, Plaintiff requests that the Court add counsel for Defendant Owners, Windermere Defendants, and PRK Defendants, and their firms, as defendants in this action. *Id.* Plaintiff's Motion does not provide a basis for requesting to join counsel for defendants as defendants. Rather, Plaintiff appears to rely on California State court cases and baldly asserts, without any factual basis, that defense counsel has harmed him. Because Plaintiff fails to provide any legal basis for his claims against defense counsel, and for the numerous reasons set forth in the

---

[11] Plaintiff's response to the Court's Show Cause Order argues that good cause exists for excusing his late service of DOR but does not make any argument that proper service has been made or that Plaintiff needs additional time to remedy the defective service. Dkt. #112.

responses to Plaintiff's Motion (Dkts. #137, #138, and #139), the Court denies Plaintiff's Motion. To the extent Plaintiff raises new arguments in his reply, the Court does not consider them.[12]

## IV.    CONCLUSION

Having reviewed the motions and the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1.  Plaintiff's Motion to Direct Expungement (Dkt. #116) is DENIED.

2.  Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment (Dkt. #122) is GRANTED.   All of Plaintiff's claims against Kirill Gavrylyuk and Chandrika Shankarnarayan are DISMISSED as specified in this Order and with prejudice.

3.  Defendants Windermere Services Company's and Kathyrn [sic] Hinds' Joinder in Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment (Dkt. #125) is GRANTED.   All of Plaintiff's claims against Windermere Services Company and Kathryn Hinds are DISMISSED as specified in this Order and with prejudice.

4.  PRK Defendants' motion for Joinder in Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment (Dkt. #126) is GRANTED.   All of Plaintiff's claims against PRK Funding Services, Inc., Jeffrey Pyatt, Michael James Warren, Eric S. Carlson, Michael Lawrence Thayer, Joanne C. Van Sickle, Richard Beselin, Private Asset Management, Inc., Pyatt Broadmark Management, LLC, PLG

---

[12] Windermere Defendants request reimbursement of the $750 spent responding to Plaintiff's Motion under 28 U.S.C. § 1927. Dkt. #139 at 3–4. While the Court does not approve of Plaintiff's apparently baseless Motion, the limited record before the Court does not support the finding of subjective bad faith that § 1927 requires. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015).

Fund I, LLC, and Private Lenders Group, LLC are DISMISSED as specified in this Order and with prejudice.

5. Defendant Dallas William Jolley, Jr.'s Joinder in Defendants Kirill Gavrylyuk and Chandrika Shankarnarayan's Motion for Summary Judgment (Dkt. #132) is GRANTED. All of Plaintiff's claims against Dallas William Jolley, Jr. are DISMISSED as specified in this Order and with prejudice.

6. All of Plaintiff's claims against the State of Washington Department of Revenue, Northwest Trustee Services, Inc., and Fidelity National Title Company of Washington Services, Inc. are DISMISSED as specified in this Order.

7. Plaintiff's Motion to Join Additional Parties (Dkt. #134) is DENIED.

8. This matter remains OPEN as to the remaining defendants.

DATED this 8 day of January, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE