UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMON CHARLES WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>PRK FUNDING SERVICES, INC., *et al.*,<br><br>Defendants. | CASE NO. C18-48RSM<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter is before the Court on the Motion for Summary Judgment by Defendants Daniel Jensen, Ricci Frisk and Donald Capp. Dkt. #166.[1] The Court has previously dismissed or granted summary judgment in favor of 26 of the 29 defendants that Plaintiff sued for their involvement with the foreclosure of a property he previously owned. The remaining Defendants—Defendant Jensen, Defendant Frisk, and Defendant Capp—are all employees of the State of Washington. Plaintiff alleges that Defendants deprived him of due process because they

---

[1] Prior to the Court entering this Order, Plaintiff filed a "Notice of Fiduciary Nomination." Dkt. #169. Referencing a provision of the estate tax code—26 U.S.C. § 2041—Plaintiff purports to nominate the undersigned as "Fiduciary Trustee of the Damon Charles Williams Estate." *Id.* at 2–3. As the Court otherwise grants summary judgment herein, terminating this case, the Court denies Plaintiff's Notice as moot.

ORDER – 1

informed him that his requests for state administrative review failed. Defendants argue that Plaintiff's claims fail precisely because, as they informed him at the time, he did not have a right to administrative review. Plaintiff does not oppose the Motion. For the following reasons, the Court grants the Motion.

## II. BACKGROUND

This case centers around a property that Plaintiff owned before transferring 100% of his ownership to a Limited Liability Company he had an interest in, the "Williams Family Holdings LLC," on August 3, 2005. Dkt. #123-1 at 2. The LLC obtained a loan secured by the property but fell behind on payments. Dkt. #111 at 2–13, 17–33; Dkt. #3 at ¶ 34. Plaintiff attempted to prevent foreclosure by personally filing for bankruptcy, but the foreclosure of the property proceeded. Dkt. #111 at 15, 37–39. As a part of the foreclosure, and on September 22, 2009, a Real Estate Excise Tax Affidavit ("REET Affidavit") was filed on a Washington State Department of Revenue ("DOR") form. Dkt. #168-1 at 11–12.

Despite the foreclosure occurring in 2009, Plaintiff began pursuing the claims of this action in November of 2017. Dkt. #167 at ¶ 2; Dkt. #168 at ¶ 2. To that end, Plaintiff contacted the DOR, asserting that the REET Affidavit was filed in violation of an automatic bankruptcy stay and requesting that DOR review and take corrective action. Dkt. #168-1 at 2–13. Defendant Jensen, a DOR employee, responded with two letters indicating generally that DOR could only review actions taken by DOR. Dkt. #168-1 at 15. Because DOR had not taken any action related to the REET Affidavit filing, DOR denied Plaintiff's request for review or corrective action. *Id.*

Concurrently, Plaintiff contacted the Washington State Office of Administrative Hearings ("OAH"). Dkt. #167 at ¶ 2. Plaintiff requested an administrative hearing and any forms necessary for initiating one. Dkt. #167-1 at 2–3. In response, and following several other communications, Defendant Capp sent Plaintiff a letter. Dkt. #167-1 at 5. The letter

ORDER – 2

memorialized telephone conversations between Defendant Frisk and Plaintiff and explained that OAH did not hold hearings related to actions taken by the City of Seattle or its police department and that administrative hearings were initiated with the agency that had acted. *Id.*

Plaintiff later commenced this action, alleging that Defendants had denied him administrative review, due process, and "honest service." Dkt. #3 at ¶¶ 224–27, 238–40.

### III. DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, the non-moving party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 251. Uncorroborated allegations and self-serving testimony will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002);

ORDER – 3

*T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). Rather, the non-moving party must make a "sufficient showing on [each] essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where a plaintiff fails to respond to a motion for summary judgment, the court may not grant the motion as a matter of course. *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion."); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "Rule 56 requires district courts to assess whether 'the motion and supporting materials' entitle the movant to summary judgment." *Heinemann*, 731 F.3d at 916 (quoting Fed. R. Civ. P. 56(e)(3). However, "the opposing party's failure to respond to a fact asserted in the motion permits a court to 'consider the fact undisputed for purposes of the motion.'" *Id.* (quoting Fed. R. Civ. P. 56(e)(2)).

**B. Summary Judgment Is Appropriate**

Plaintiff's claims suffer from a multitude of issues, including those identified by Defendants. Dkt. #166. As an initial matter, Plaintiff does not appear to have standing.

> In order to have standing to bring his due process claim, petitioner must have suffered actual injury as a result of [the actions of] which he complains. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *see also Lewis v. Casey,* 518 U.S. 343, 351 (1996) (holding that prisoners did not have standing to bring claims that the insufficiency of the prison library violated their constitutional rights unless they showed that this actually hindered their efforts to pursue legal claims).

*Beqir v. Clark*, No. C05-1587-RSM-JPD, 2006 WL 1587483, at *1 (W.D. Wash. June 6, 2006), *aff'd*, 220 F. App'x 469 (9th Cir. 2007). Plaintiff's attempts at administrative review were premised on his belief that such review would unwind the foreclosure—the relief he sought in this action. But the Court has already concluded that Plaintiff's rights were not impacted by the

ORDER – 4

foreclosure. Dkts. #107 and #159. Accordingly, Plaintiff did not suffer any actual injury by his perceived delay or lack of administrative review of the foreclosure.

Additionally, the Court agrees with Defendants that Plaintiff lacked standing to initiate review of the 2009 REET Affidavit. As Defendants note, the Court has already found that Plaintiff had no personal interest in the property at the relevant times. Dkt. #166 at 3 (quoting Dkt. #159 at 3, 7–8). Plaintiff therefore lacked any personal interest in any property-related actions taken by the State, its agencies, or its employees at the relevant times. *See* Dkt. #166 at 6. Plaintiff has not pointed to any legal authority providing that he had standing to trigger review of any actions related to the 2009 REET Affidavit.

Still further, the State could not review actions related to the 2009 REET Affidavit because Plaintiff could not establish that the State, its agencies, or its employees took actions related to the 2009 REET Affidavit. From the limited record, no tax proceeds flowed to the State and that its involvement with the 2009 REET Affidavit was limited to creating the form itself. Review was not possible because Plaintiff did not point to any evidence of state action related to the 2009 REET Affidavit. Dkt. #166 at 7–8 (noting that DOR administrative review is limited to "correction of taxes, interest or penalties" pursuant to WAC 458-20-100(1)); *Id.* at 8 (noting that OAH conducts hearings related to agency actions).

Lastly, and for these reasons, Plaintiff cannot establish a 42 U.S.C. § 1983 claim based upon procedural due process violations. Such a claim requires: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898 (9th Cir. 1993). Plaintiff did not have an interest in the property, did not have standing to trigger review of the 2009 REET Affidavit, and the State could not review actions related to the 2009 REET Affidavit. Plaintiff does not establish that he was deprived of any liberty or property interest.

ORDER – 5

For these and the reasons identified by Defendants, with which the Court agrees, summary judgment is appropriate.

## IV. CONCLUSION

Having reviewed the motions and the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1. The Motion for Summary Judgment by Defendants Daniel Jensen, Ricci Frisk and Donald Capp (Dkt. #166) is GRANTED and all of Plaintiff's claims against Defendants Daniel Jensen, Ricci Frisk, and Donald Capp are DISMISSED with prejudice.

2. Plaintiff's Notice of Fiduciary Nomination (Dkt. #169) is DENIED as moot.

3. Because there are no remaining defendants, this matter is now CLOSED.

DATED this 5 day of August, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE